# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-CR-145-JFH |
| PATRICK ETHAN BRASHERS, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is an Unopposed Motion to Reschedule Sentencing Hearing ("Motion") filed by Defendant Patrick Ethan Brashers ("Defendant"). Dkt. No. 36. The Motion asks the Court to "reschedule the current sentencing hearing date of October 24, 2023 to the Court's earliest possible date, no later than August 18, 2023 . . . to avoid the possibility of overserving" his sentence. *Id*. at 1.

Defendant was arrested on March 21, 2022 on related State charges. *Id*. On May 18, 2022, he was indicted in the instant case and transferred to federal custody. *Id*. The State charges were then dismissed. Dkt. No. 36 at 1. On June 16, 2022, Defendant entered a plea of guilty to Counts One and Two of the indictment as a result of a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. Nos. 25, 26. The 11(c)(1)(C) plea agreement sets forth an agreed upon sentence of twenty (20) months of imprisonment. Dkt. No. 26 at 14. Defendant's Presentence Investigation Report calculates an advisory guideline range of twenty-one (21) to twenty-seven (27) months of imprisonment. Dkt. No. 36 at 2. A sentencing hearing is currently set for October 24, 2023 before Judge Raúl M. Arias-Marzuach, a visiting judge from the United States District Court for the District of Puerto Rico. Dkt. No. 34.

Defendant's Motion argues that if the Court accepts the parties' plea agreement and sentences Defendant to twenty (20) months of imprisonment, "then the current sentencing date of October 24, 2023, will cause [Defendant] to overserve his sentence." Dkt. No. 36 at 2-3. Defendant further argues that even if the Court rejects the plea agreement, a low-end advisory guideline sentence will nevertheless cause Defendant to "overserve given the current sentencing date." *Id*. at 3. The Court disagrees.

First, as Defendant alludes, credit for time served is governed by Bureau of Prisons' ("BOP") policy. *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit . . . .") (internal citations omitted). While the Court may recommend at sentencing that the BOP evaluate Defendant for eligibility to receive credit for time served under BOP policy, any anticipated credit is not calculated in the Court's sentence. *Id*. Regardless, the Court does not find that overserving is an issue here.

Defendant was arrested on related State charges on March 21, 2022 before being transferred to federal custody. If, during that time, Defendant was in State custody for the underlying offense that forms the basis of the instant federal charges, there is a possibility that his time served may be calculated from the date of his arrest on March 21, 2022. Twenty (20) months—the parties' agreed upon sentence of imprisonment—from March 21, 2022 is November 21, 2023, *after* the currently scheduled sentencing hearing date. At the time of sentencing on October 24, 2023, Defendant will have only served a total of nineteen (19) months and four (4) days from March 21, 2022. Therefore, overserving is not an issue. Moreover, if the Court rejects the plea agreement and sentences Defendant to a term of imprisonment within the advisory

guideline range of twenty-one (21) to twenty-seven (27) months, Defendant would clearly not be at risk of overserving given the current sentencing hearing date.

The Court notes that Defendant vaguely references "a considerable amount of time" that he was "held in State custody, in 2020, for his conduct constituting Count 3." Dkt. No. 36 at 2. Defendant estimates that, based on his time in State custody in 2020, his anticipated release date may be "August 21, 2023, or earlier." *Id*. However, without more information, the Court is unable to consider what effect, if any, Defendant's purported time in custody in 2020 may have on Defendant's potential release date. Based on the information it has before it, the Court does not find justification for accelerating Defendant's sentencing hearing.

Finally, even if the Court found that overserving may be an issue, the Court's schedule does not allow it to reset Defendant's sentencing hearing to August 18, 2023 or earlier as Defendant requests. As Defendant will recall, "[t]he Court has experienced unprecedented caseloads and jurisdictional complexities since the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020)." Dkt. No. 32 at 3. Because of this, the current average time between a change of plea and sentencing in this District is longer than anyone—litigants, attorneys, or the Court—would prefer. Moreover, this Court maintains a multi-district caseload, which further complicates setting—and resetting—sentencing hearings. At present, sentencing hearings are being set before this Court in December 2023, at the earliest. To help alleviate some of the burden, the District has initiated a visiting judge program to allow for more sentencings to be set. Indeed, Defendant's sentencing hearing is set on a visiting judge docket and, because of this, Defendant likely has an earlier sentencing date than he otherwise would have. The Court's schedule remains relatively inflexible and, therefore, renders Defendant's request to reset his sentencing hearing to August 18, 2023 or earlier unfeasible.

IT IS THEREFORE ORDERED that the Unopposed Motion to Reschedule Sentencing Hearing [Dkt. No. 36] is DENIED.

DATED this 13th day of July 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE